UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

|                        |   |                           |
|------------------------|---|---------------------------|
| ANTHONY L. VIOLA,      | : | CASE NO. 1:17-CV-0827     |
|                        | : |                           |
| Plaintiff,             | : |                           |
|                        | : |                           |
| vs.                    | : | OPINION & ORDER           |
|                        | : | [Resolving Doc. No. 1]    |
| WILLIAM J. BAIR, *et al.*, | : |                       |
|                        | : |                           |
| Defendants.            | : |                           |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Anthony L. Viola filed this civil rights action against United States Deputy Associate Attorney General William J. Bair, Assistant United States Attorney for the Northern District of Ohio Mark S. Bennett, United States Attorney for the Southern District of New York Preet Bharara, Department of Justice Employee Leslie R. Caldwell, former United States Attorney General Eric Holder, Ohio Attorney General Senior Assistant Daniel Kasaris, Ace Securities Corp. Vice President Douglas K. Johnson, Attorney Richard Owens, Deutsche Bank Co-Counsel Dr. Mathias Otto, Deutsche Bank Co-Counsel Christof Von Dryander, Deutsche Bank, and Co-Defendant Kathryn K. Clover. In the Complaint, Plaintiff contends he was denied due process in the course of his federal criminal trial. He seeks a declaratory judgment that Deutsche Bank is not the victim in the criminal case, and an order relieving him of paying restitution. He also asks this Court to void the settlement between the Justice Department and Deutsche Bank and grant other relief as the Court determines to be equitable.

## I. Background

Plaintiff was convicted in this District Court in 2011 of participating in a mortgage fraud scheme from 2005 to 2006. The scheme involved, among other things, concealing the fact that the buyers were not making down payments on the mortgaged properties. One of the defrauded lenders, MortgageIT, Inc., became a subsidiary of Deutsche Bank in 2007. Plaintiff was tried in state court in 2012 for similar conduct, but was acquitted.

In January 2012, the United States Attorney for the Eastern District of New York contacted Deutsche Bank in connection with its offering and sale of residential mortgage-backed securities. Deutsche Bank, through its attorney Richard Owens, entered into a settlement with the Department of Justice in January 2017, to resolve potential civil claims relating to Deutsche Bank's alleged deficiencies in the disclosures they provided to residential mortgage-backed securities investors. Plaintiff contends this proves that Deutsche Bank knowingly made loans that did not meet its underwriting guidelines, and concealed that practice. He alleges the Justice Department prosecuted him for defrauding MortgageIT, Inc., now part of Deutsche Bank, while investigating Deutsche Bank for its own alleged fraudulent activity. He reasons that this denied him due process at his criminal trial. He contends that this Court should declare Deutsche Bank was not a victim of his criminal activity, and relieve him of the restitution portion of his sentence.

## II. Legal Standard

A District Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the

Plaintiff seeks monetary relief from a Defendant who is immune from such relief.[1] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[2] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[3] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[4]

Furthermore, District Courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a *pro se* litigant if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."[5] Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the District Court lacks subject matter jurisdiction over the claims.[6]

---

[1] 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[3] *Iqbal*, 556 U.S. at 678.

[4] *Id.*

[5] *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam).

[6] *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

### III. Analysis

Plaintiff indicates he is asserting his claim for denial of due process under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege a violation of a Constitutional right, and must alleged the deprivation was committed by a person acting "under color of state law."[7] Acting under color of state law traditionally requires that the Defendant be a state government official.[8] The only state official Plaintiff names as a Defendant is Daniel Kasaris.

Plaintiff fails to state a claim for denial of due process against Kasaris. Kasaris was the assistant county prosecutor assigned to Plaintiff's state criminal prosecution. Plaintiff's due process claim pertains to his federal conviction and the restitution portion of his sentence. Kasaris had no involvement with Plaintiff's federal prosecution.

Bair, Bennett, Bharara, Caldwell, and Holder are federal government officials. While 42 U.S.C. § 1983 does not extend to federal government officials and employees, Plaintiff may be able to proceed with his claim through a *Bivens* action, which provides similar relief against federal officials for violations of constitutional rights.[9] *Bivens*, however, is a more limited cause of action than one brought under 42 U.S.C. § 1983. It only can be brought against individual

---

[7] *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

[8] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)*; United States v. Classic*, 313 U.S. 299, 326 (1941).

[9] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

federal agents in their individual capacities.[10] *Bivens* does not authorize an action against the United States government or its agencies, or against individual federal agents in their official capacities.[11]

Plaintiff's claim appears to be that the Justice Department, under the supervision of Holder, Bair, and Caldwell in Washington D.C. allowed Northern District of Ohio Assistant United States Attorney Bennett to pursue charges against him, while also allowing Bharara, the United States Attorney for the Southern District of New York to negotiate a settlement with Deutsche Bank. He does not allege any personal conduct by Holder, Bair or Caldwell. Instead, they appear to be named as Defendants due to their official positions in the Justice Department in 2012. *Bivens* does not provide a cause of action against Defendants in their official capacities.

Similarly, Plaintiff does not allege facts that suggest Bennett was aware there was an investigation into Deutsche Bank in New York, or that Bharara was aware of a criminal action against Plaintiff. Plaintiff has not provided any explanation of how these individuals denied him due process at his criminal trial. Furthermore, even if Plaintiff had made that connection, he could not challenge his conviction or obtain relief from his sentence in a civil rights action. For this relief, his sole remedy is habeas corpus.[12]

Plaintiff's remaining claims are asserted against private citizens who are neither state nor federal employees. They are the vice president of a securities firm in North Carolina, an

---

[10] *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001)(quoting *FDIC v. Meyer*, 510 U.S. 471, 485 (1994).

[11] *Meyer*, 510 U.S. at 486.

[12] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

attorney from New York, two attorneys from Germany, a New York Bank, and a co-defendant from his criminal trial. Even if this Court could gain personal jurisdiction over these Defendants, Plaintiff has not alleged any facts to indicate they could qualify as state actors under § 1983, or could be sued under *Bivens*. Plaintiff has not asserted another plausible cause of action against these Defendants and none is apparent on the face of the Complaint.

### IV. Conclusion

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[13]

IT IS SO ORDERED.


Dated: August 7, 2017                             *s/     James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[13] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.