UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
ANTHONY L. VIOLA,                             :    CASE NO. 1:17-CV-0827
                                              :
            Plaintiff,                        :
                                              :
vs.                                           :    OPINION & ORDER
                                              :    [Resolving Doc. Nos. 32 and 36]
WILLIAM J. BAIR, *et al.*,                    :
                                              :
            Defendants.                       :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff filed a Motion for Reconsideration (Doc. No. 32) and a Motion for Forensic Audit (Doc. No. 36) asking this Court to reopen his civil rights case challenging his federal and state convictions on the grounds of newly discovered evidence. He also asks the Court to conduct a forensic audit of funds collected from him in restitution and forfeiture in his federal criminal case. Defendants oppose the Motions (Doc. Nos. 33, 34, 37).

Federal Civil Procedure Rule 59(e) allows a party to file a Motion to Alter or Amend its Judgment when one of the following circumstances arises: (1) there is an intervening change in the controlling law; (2) evidence not previously available became available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.[1] Rule 59(e) Motions are "entrusted to the court's sound discretion."[2] They are not intended as an opportunity to relitigate

---

[1] *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

[2] *Constr. Helicopters, Inc. v. Heli-Dyne Sys., Inc.*, Nos. 88-1166, 88-1192, 1989 WL 54111, at *4 (6th Cir. May 23, 1989); *Keweenaw Bay Indian Community v. United States*, 940 F.Supp.

previously considered issues, or to attempt to persuade the Court to reverse the judgment by offering the same arguments previously presented.[3]

Plaintiff contends he is entitled to relief under Rule 59(e) based on newly discovered evidence. In his Complaint, he alleged the Justice Department prosecuted him for defrauding MortgageIT, Inc., now part of Deutsche Bank, while investigating Deutsche Bank for its own alleged fraudulent activity. He reasoned that Deutsche Bank was not a victim of his criminal activity, and this Court should relieve him of the restitution portion of his sentence. The Court dismissed his Complaint stating Plaintiff could not challenge his conviction or obtain relief from his sentence in a civil rights action. The Court also determined he sued government officials who were not subject to suit in their official capacities, and he stated no facts to suggest a basis for liability in their individual capacities. Plaintiff's offered newly discovered evidence pertains to properties listed in his indictments, which were later foreclosed upon by Deutsche Bank. Plaintiff claims this proves Deutsche Bank is not entitled to restitution.

To qualify as "newly discovered evidence," the evidence must have been previously unavailable."[4] Plaintiff therefore must demonstrate he exercised due diligence in obtaining the information and that the evidence is "material and controlling and clearly would have produced

---

1139, 1140 (W.D. Mich.1996) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982)).

[3] *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before); *Beltowski v. Bradshaw*, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

[4] *GenCorp*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted).

a different result if presented before the original judgment."[5] These foreclosures were filed in 2006 and 2007, well before Plaintiff filed this civil rights action in 2017. Moreover, even if they had been presented to the Court with the Complaint, they would not alter this Court's conclusion that Plaintiff cannot challenge his conviction in a civil rights action, or bring claims against the named Defendants in their official or individual capacities. Plaintiff is not entitled to relief under Rule 59(e).

In addition, Plaintiff asks this Court to conduct a forensic audit into all of the funds collected by the government through restitution and forfeiture. If Plaintiff believes a forensic audit would provide him grounds for relief from his sentence, he should seek that relief in his criminal case. This Court cannot invalidate his sentence through a civil rights action.[6]

### IV. Conclusion

Accordingly, Plaintiff's Motion for Reconsideration (Doc. No. 32) and Motion for Forensic Audit (Doc. No. 36) are denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: February 26, 2018      *s/ James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[5] *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413 (6th Cir. 1998)).

[6] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).